on behalf of the people of the state of Illinois, Mr. Scott Jacobson, on behalf of the athelon, Ms. Sherry Silver. Are both sides ready to proceed? Ms. Silver, you may proceed when you are ready. Good morning, Your Honors. Counselor, may it please the Court, my name is Sherry Silver and I represent Sandra Vasquez in this appeal. Your Honors, we're all aware that the Fourth District in Winningham and the Fifth District, most recently in Hill, have ruled contrary to what Ms. Vasquez is asking this Court to find today. Both of those courts ruled that the amendment to 625 ILCS 11-501-D2, which allows for probation only when the trial court finds, quote, extraordinary circumstances exist and that probation is required, passed constitutional muster. There are a few reasons, though, Your Honors, why this Court would be justified in holding to the contrary. The first of those reasons is that in Winningham, at page 479, there seems to have been a misconception by the trial defense counsel. At 479, the Court writes that the defense counsel came in at sentencing and asked for probation, apparently under this newly enacted, as of January 1st of 2006, under the provision allowing for the extraordinary circumstances. However, the Court also wrote that the defense attorney conceded that there was a mandatory prison term. And the way I'm reading that is that perhaps that attorney looked at that in terms of the previous incarnation of 11-501-D2. But that would have been incorrect. The previous incarnation still allowed for probation. The language of the previous version of the statute said that in the event a term of imprisonment is not imposed, then the sentencing range would have been between the range that they had in the statute, which includes the 6-28 that's in question here. Well, couldn't you argue, counsel, that 11-501-D2 indicates it is a mandatory prison unless there are extraordinary circumstances? Isn't that basically what it says? If the trial court finds that there are extraordinary circumstances and probation is required, yes. That the range would have been, for one victim, would have been 3-14 and then 6-28, yes. So it is a mandatory prison term. But that's not how I'm reading Winningham. Because the court in Winningham goes on to say that it is only through the grace and lenity of the legislature that probation is now being offered. But probation was always offered. It would have been a consideration under 561, under 730 ILCS. I disagree with you there. Probation is not offered until and unless the court finds that there are extraordinary circumstances. Exactly. Under this new version that was enacted or effective as of January 1st of 2006. But in the previous version of the statute, probation would have been the primary consideration under 553. It's required for a trial court to consider probation by looking at the history of the offender, the circumstances of the offense. All of those factors that go into determining whether a sentence of probation would be appropriate and would not deprecate the seriousness of the offense. That discretion is now limited by this enactment. And that's what the Winningham court also said. That this provision limits the discretion of the trial court. So under this new provision, not only is the discretion limited, it's ill-defined. It's not defined what extraordinary circumstances are. Are exceptionally brutal and heinous defined? No, the case law did define those. And they resort into Webster's and various other dictionaries. And that's what we're going to be called upon to do and these other courts have been called upon to do is to create the case law that will define what is or is not exceptional circumstances? Absolutely. And I think our argument is that the Winningham and Hill courts have abdicated that responsibility. They have not defined extraordinary circumstances. They have said that it's the ordinary meaning. But that doesn't help anyone. In the probation statute in 561, it's very clear. The legislature put out that a court is to consider the history of the offender, the circumstances of the offense. It gives a list of things that the court is to consider. Aggravation and mitigation. Exactly. And didn't the court do that in this case? The court did it only because it didn't know what else to do. And page 3319 of the record, the court said, I don't know what to do. There's no case defining what extraordinary circumstances are. I'm just going to consider everything. But the question is, what is defense counsel supposed to have presented? There's no guidance for the defense counsel to, and this leads to the second factor that would allow this court to rule contrary to Winningham and Hill. And that is that neither of those two cases discuss the burden of proof. Senator Kirk Diller. Isn't it really not a burden of proof, but more of the defense's opportunity to present evidence that it believes will rise to extraordinary circumstances? Not a burden of proof. Except that Senator Kirk Diller said that it is a burden of proof, and that was the intent of the legislature, to impose a burden of proof. Sometimes doesn't our legislature, God bless them, say things that really don't make sense or put in some legal terms that really we kind of have to sift through and sort through? I mean, is there a burden of proof in this case? Under extraordinary circumstances, who has the burden of proof? The defendant. And that's what we are arguing has been created by this enactment. And Senator Dillard's language really supports that. I will admit that Senator Dillard did make a slight misstatement because he said that this burden of proof flip-flops. Really, there was no burden of proof before. It was just people presenting, the parties presenting the mitigation and aggravation, and then it's solely within the discretion of the court. Here, though, Dillard was quite clear that now the defendant has to, quote, beg for probation. So it's a matter of what standard of burden of proof, what burden is that defendant now liable to present? Is it, for instance, similar to an apprentice situation where the prosecution has to present the aggravating factors beyond a reasonable doubt? Does the defendant now have to present extraordinary circumstances beyond a reasonable doubt? Or is it a preponderance of the evidence burden? Or somewhere in between, the clear and convincing. It's not defined, and the legislature has not helped at all. Counsel, you claim that the law is unconstitutional. Then you say on page 18, that portion of the statute is impermissibly vague, thus rendering it unconstitutional. What portion are you talking about? The extraordinary circumstances, the exact language is the extraordinary circumstances exist and probation is required. It is that provision that was effective January 1st of 2006. The statute and all other terms existed prior to that. Well, assuming arguendo that what you say is correct and that should be voided, how did the trial court commit prejudicial error to the extent that having failed to grant probation, we would determine that in order for you to prevail, it was an abuse of discretion. Could we not? It's not just the court. It is the fact that that language does not provide guidance to the litigants either. Under the due process as applied analysis, it's not only the fair administration of justice from the court's perspective. It's so that a person of ordinary intelligence would know what is required under that statute. And we have here in this case one of the premier criminal defense attorneys in this area who handled this prosecution. She's here today. She did not know what she was supposed to present. She presented this argument and quite candidly said to the court, I don't know what's required of me. If that person who is highly intelligent and quite experienced. Well, you said the trial court declared that since he didn't know. That too. That he would consider everything. Yes. Now, is that it? The problem is if there is something more extraordinary that was supposed to, what is the definition of extraordinary? It can certainly be argued that the information that Kathleen Colton presented at sentencing was what would have been presented under a usual probation situation. She talked about the history of the offender. The circumstances of the offense. The fact that Sandra Vasquez was a CNA working with Alzheimer's patients. That she had, because of that, an infinite amount of patience to deal with people. But aren't those all things that would otherwise fall under a factor in aggravation or mitigation? Possibly, yes. And the court did consider those in mitigation and aggravation. That's absolutely true. But we're still lacking that key element of the definition of extraordinary. What places that outside of those other factors that a defense attorney and a prosecutor would normally argue in a sentencing hearing? Well, is extraordinary circumstances, extraordinary circumstances an additional factor that is undefined? Or is it talking about factors whose facts are extraordinary? That's the question, Your Honor. We don't know. And that's the question that Your Honor needs to answer. Well, if it's the latter, and the trial court considered everything, then if the facts are supposed to be extraordinary, how are they more extraordinary than, say, Winningham, where the defendant was a fireman that saved people's lives as opposed to aiding people with Alzheimer's disease? We don't know, Your Honor. That's the problem. Is there something more beyond those factors that a judge is supposed to consider? Doesn't Black's Law Dictionary define extraordinary circumstances? Yes, I believe that's in the state's brief. I can't remember exactly what that definition is. Highly unusual set of facts that are not commonly associated with a particular thing or event. Highly unusual set of facts, yes. I would say that to some extent the fact that there were five victims in this case, and as tragic as it was, makes it different. But in a drunk driving accident, when there's a death of anybody, it's a tragedy. The fact that there were five people sets it out as a Class II felony as opposed to any other classification. That doesn't necessarily make it extraordinary facts. Isn't that for the judge to make that determination? You have five people, and isn't that extraordinary, or is it unreasonable and abuse of discretion for the court to find that that's extraordinary? But then we run into the question, is that almost a sort of double enhancement type argument? If you're considering the number of victims in this offense, that's already been taken into consideration in setting the classification and the range of sentence. Well, don't the factors in aggravation and mitigation allow the trial court to determine whether or not the sentence of probation would deprecate the seriousness of an offense? Yes. Isn't that the case that the court determined here? Yes. I do admit that the court did say that probation would have deprecated the seriousness of this offense, absolutely. But he was looking at that also under the umbrella of this undefined, innocuous phrase, extraordinary circumstances. You asked that we vacate the sentence and remand the matter for the sentencing hearing. And if we were to do so, what would be the criteria that the court should consider in resentencing? Are you saying that it should be with or without this phrase, and therefore, presumptively, it's supposed to be the typical type of sentencing hearing? Yes. Yes. The answer to that is yes. Would deprecation of the severity or seriousness of the offense might be a factor granting or denying probation? It might still, yes. But I would go back to what I just said, that this phrase that the judge used, that probation would have deprecated the seriousness of this offense, was under the umbrella of this undefined term that lacked any guidance. Why do you think this term was even placed into this legislation? Well, as the court in Winningham said, it's to limit the discretion of the trial courts, the sentencing courts. That in and of itself is questionable, to limit the discretion of the court. Well, doesn't the legislature do that on a daily basis? They pass laws with respect to sentencing on state courts? Minimum mandatories? I suppose, yes. That is something to be said, yes. They do do that. But then again, there's all those cases that were cited both in the states' brief and in Winningham that talk about the language, brutal and heinous, indicative of wanton cruelty. Those actually expand the court's discretion, in my opinion, because you're still working within the sentencing range that's given under the sentencing statutes, plus you can consider this other category and add to it. How is that so specific as opposed to what we're doing here? I'm saying it's not specific. That's what I'm saying. It broadens it for the trial court.  Otherwise, they would have had probation available to them under 561. So it's a mandatory prison term unless and until one shows extraordinary circumstances. Yes. So how is that unconstitutional? Or how is that improper for the legislature to place a mandatory prison term in a sentence? Under the due process as applied analysis, there's the two factors that you need to consider. One is that the statute's prohibitions are sufficiently defined so that the people of ordinary intelligence, common understanding, would have a fair warning as to what conduct is prohibited. In a sentencing situation like this, you have a situation where Kathleen Colton came into court and said, I have no clue what this means. Why do you say as applied? I thought you said that the statute was vague. At least the way I read your brief, it sounded like you were attacking it on its face, not as applied. No, Your Honor, because Winningham, I think, was pretty straightforward in that clearly this provision does not affect any First Amendment freedoms. So you have that problem right off the bat. And I could foresee a situation where that provision could be applied non-arbitrarily. For instance, if you have somebody who has 27 previous DUIs, who doesn't give a darn about the fact that he or she drives drunk and drives drunk all night long, there's situations where it probably could be applied non-arbitrarily. But under the as applied situation, there's no boundaries that sufficiently define what is needed so that the court could not fairly apply this provision in this case. I don't recall ever hearing a vagueness argument raised as applied. Can you cite to me some authority or an example? Winningham does, and Hill does. They both discuss this provision as both a facial challenge and an as applied provision, attack. No. What I'm suggesting is can you give me an instance of when vagueness as applied was found to be valid? Because Winningham apparently found that it wasn't valid. Right. Offhand, Your Honor, I do not have a case in mind. No, I don't. Thank you. For all these reasons, if there's no other questions. Yes. Go ahead. I do not. Any further questions? This is an extraordinary case. If you want to take a minute and sum up your thoughts, you will have a chance for reply, though. Thank you. No, the only thing that I would like to say is that the as applied analysis, I think, does lead to the conclusion that the Winningham court and the Hill court were wrong in their conclusion. For all the reasons that we list in our brief and for the reasons that we've discussed here and the answers that I've given, we're asking that you find it unconstitutional, that it be remanded, and that a new sentence in hearing be held. Thank you. Thank you. Thank you. Thank you. Madam Presiding Justice, and may it please the court. I believe that the argument that has been raised by the defense consistently in this case regarding the extraordinary circumstances provision is a false dichotomy. Repeatedly at the trial level and again in the appellate briefs, counsel suggests that there is some distinction between whether we're supposed to look at the extraordinary circumstances of the crime itself or the extraordinary circumstances of the defendant's life. That's a false dichotomy in sentencing. At sentencing, the entire function of the sentencing hearing is not only to explore the seriousness of the offense, but factors in aggravation and mitigation regarding the defendant's out-of-court life that might mitigate or impact the sentence that the trial court is giving. So with respect to this argument that, well, we, you know, the statute is vague. It doesn't give any clear definition. The repeated argument that it's vague is solely because the defense is refusing to accept any reasonable definition of the term itself. I believe you think the word or is inappropriate. I'm sorry, Your Honor. With respect to what? You said that the appellant was making the argument about extraordinary circumstances as to whether it's related to the crime or to the defendant. Is it? Yeah, I would say that instead of using the word or, which is what I believe is generally in this false dichotomy, the word and should properly be used. And as you pointed out, Your Honor, at least the argument or the point underlying the question you asked earlier, the trial court in this case considered everything. The trial court judge, after hearing a myriad of evidence, didn't just focus on the severity of the offense, didn't just focus on what he heard at trial. He also focused on mitigating evidence, the substantial mitigating evidence that was presented by the defendant. I don't believe that this was a decision that was arrived at lightly. The trial court sentencing decision is very detailed. It goes on for about five pages, and it discusses what he believed was pertinent about this case. I think, if anything, I believe that the defendant's argument undermines the fund, or would attempt to undermine the fundamental purpose of the sentencing hearing. This term, extraordinary circumstances, is easily capable of being defined. What's the definition? Well, I believe it's defined by circumstances. As you pointed out earlier, Your Honor, the purpose of appellate court review is to publish decisions regarding factual situations under particular pieces of law. I think we know that this case, the Ross Adam Hill case, and the Derek Winningham case, do not present extraordinary circumstances. Frankly, the only thing, candidly, the only thing I can think of that would be an extraordinary circumstance is an unplanned force emergency. A situation where it would be impossible to call 911, infeasible to get another driver, that would really, there wouldn't be much disagreement on. Reasonable people are capable of sitting down and looking at a set of circumstances and saying, you know what? I understand this one. I understand this is extraordinary. That said, in this case, the only argument the defense is really making, other than the fact that the defendant was a nurse, is that the extraordinariness of this event is caused by the number of victims whose lives were lost. That's not a factor in mitigation. That's a factor in aggravation. Do you think the extraordinary circumstances language enhances this offense? Or do you think the offense calls for a mandatory prison term and the extraordinary circumstances lowers the sentence? I think it's a bit different than situations where we're talking about enhancing a prison term or like double enhancement. It always counts a little bit too early. I believe what this provision does, exactly as the Whittingham Court stated, and I think we can all agree with this conclusion, is that it limits the discretion of a trial court judge to impose probation in a fatal DUI situation. Your opponent talked about a prende. I'm wondering what your response is to that. How would you prove extraordinary circumstances if necessary? I think it would be, you know, it would be something that would speak for itself, I think. I think that it wouldn't require an elaborate argument in sentencing. It wouldn't vex counsel as to whether counsel was supposed to talk about the defendant's life or the circumstances of the offense. It's something that we would all be able to know and recognize. So would this be such as an apprendi case, or is this 501D2G not an enhancement? I mean, to say it's an enhancement, typically enhancement language refers to where you have a sentence and then there's something added on to that sentence because of the legislature. Like I said, I don't think the apprendi analogy works. That's right. Why I asked you, is this a mandatory prison term until and unless? I believe that's the case, yes. I'm sorry. To the extent that the legislature limited the trial court's discretion, it limited it for that purpose. So the defendants who do kill two or more people as a result of drunk driving are required to go to prison in a certain sentence as opposed to probation. I do think this limits the trial court's discretion, but not substantially so. And I don't think that the trial court wasn't able to fashion an appropriate sentence within the boundaries of that discretion. So I'm still coming back to what your opponent was arguing. Do you have to prove beyond a reasonable doubt any factors in order to prove extraordinary circumstances? I don't. Again, I don't know what those factors would look like. I think, like I said, it's a situation that would speak for itself. Kind of like pornography. Exactly. You know when you see it. Exactly. We need not know where the line is to know when something crosses it necessarily or refine and calibrate the line specifically. But that said, nothing that's been presented in this case would truly be extraordinary. So it's your position then that this concept of extraordinary circumstances does not alter a traditional sentencing hearing. It simply gives an avenue by which the defense can argue for probation in an otherwise non-probationable case. Is that basically your position? Exactly that, Your Honor. My other point being that in this case, you know, defense counsel at trial kept coming in and saying, I don't know what to argue, I don't know what to argue, and then presented everything. And the trial court said, well, there's no real case on top of this other than Winningham, so I'm going to go ahead and consider everything. But isn't a sentencing hearing always limited only by relevant, material, and reliable evidence? That is true. What has changed under this statute? I think what's changed under this statute is, I mean, with all sentences under Illinois law with the exception of murder, there's pretty much a presumption of probation until and unless the state presents evidence in aggravation of the sentencing hearing, and then that presumption disappears. Here it is much more limited. The extraordinary circumstances provision is designed particularly to limit the trial court's discretion in order to impose a prison sentence upon the defendant. So it's a mandatory prison term until and unless extraordinary circumstances are presented. Is that what you're saying? That's one way of looking at it. Yeah, absolutely. So this is kind of a hybrid class. There's cases where it's a minimum mandatory Department of Corrections period, end of discussion, for example, residential burglary. And then there's cases where probation is the presumption, and then this one falls in the middle. Is that an accurate analysis? No, I don't think so because, like I said, it doesn't really change the parameters of a sentencing hearing itself. I mean, there is no burden of proof here. There is no requirement that the defendant meet some bar, beg for probation, regardless of what Senator Dillard may have said on the Senate floor. This is a traditional sentencing hearing, and then the trial court, after hearing all of this evidence, receiving it all, any reliable, competent piece of evidence at the sentencing hearing, can impose a sentence. If the trial court judge felt there were extraordinary circumstances, he could have imposed probation. If the trial court had determined that there was at least one extraordinary circumstance, how would we review that? Well, it's kind of like asking how many grains does it take to make a heap. To make what? To make a heap. Like, you being a philosophy, a student of philosophy, judge, you know, a heap of sand is how many grains of sand. And so how many factors of extraordinary, how many one, two, three, four? There are about 314,000 grains of sand in a handful of sand, according to the movie about Scotland and condemnation of a seafront. It was called The Local Herald. You might watch it sometime. In any event, my point is, is that if there were a determination of extraordinary circumstances, would not the burden or the standard on review be whether the manifest weight of the evidence established to the contrary? With respect to the trial court's finding of extraordinary circumstances? If the trial court had found an extraordinary circumstance, would we not be reviewing that on the basis of manifest weight? Or would it still be an abuse of discretion? I think it would be an abuse of discretion. The extraordinary circumstances provision, like anything else that impacts sentencing, being a factor in sentencing. I mean, when this court receives the trial court's judgment of sentencing, it generally gives the trial court wide latitude to fashion a sentence. Because the trial court is the one who heard the evidence, saw the witnesses testify, went and sat through the trial. Well, I disagree with you. I think that the extraordinary circumstance is a question of fact. What the trial court does with that fact is an exercise of discretion. Okay. I see what you mean. In this case, the trial court found no extraordinary circumstances. Correct. So if we're supposed to review this, assuming that we use Black's Law Dictionary, what standard of review are we going to use? I submit to you, and you tell me if I'm wrong, or if you disagree with me, tell me why you disagree with me. We use the manifest weight standard to determine whether or not there were, in fact, some extraordinary circumstances that the trial court erroneously disregarded or did not properly find. I mean, Your Honor, respectfully, when you look at any sentencing decision, let's say it were brutal and heinous or even multiple sex offenses deserving of mandatory consecutive sentences. This court wouldn't review to determine whether or not there was one particular fact that might have gone to that provision and then determine, review that entire factual situation by manifest weight. This court would determine whether or not, after receiving all competent and reliable evidence, the trial court judge would use his discretion in making a decision on that. I don't necessarily disagree with what you've said. My point is, whether it's brutal or heinous relates to a question of fact to the extent that is it against the manifest weight of the evidence, i.e., it's brutal and heinous because he beat her to a pulp or he hit her 55 times when, in fact, it was only three. He used the back of his hand instead of his knuckles, so on and so forth. The point is, is that the trial court found that there were no extraordinary circumstances. Now, is that an abuse of discretion? No, I don't believe it is in this particular case. Maybe I'm directing this to you, Ms. Children, because the issue, as I see it, is if the trial court found no extraordinary circumstances and we're supposed to review this other than if we determine that it's not unconstitutional, then we have to determine whether he committed error. So when you get back up here, I'm expecting the response to the question, which is, okay, the trial court found no extraordinary circumstances. Is that against the manifest weight of the evidence? Respectfully, Your Honor, to sort of dovetail this with Justice Shostak's question about Prendy, I mean, whether it was brutal or heinous is something that could be submitted to the jury. That would be a question of fact for the jury to determine. This is a sentencing decision. I mean, it's set out clearly in 501D2, and the trial court is, I think, presumptively supposed to sentence the defendant to a term of imprisonment unless extraordinary circumstances exist. I was thinking pre-Apprendi. I've been a lawyer longer before Apprendi than after. Of course, Your Honor. So, I mean, at least with respect to the argument that the defense is consistently making about whether we're talking about the circumstances of the offense or the defendant's life, I would submit to you that that's a false dichotomy that should be reviewed under the abuse of discretion. Now, when I came in here, I thought that the defense was making a constitutional challenge to this argument, to this particular provision. And as you pointed out, Your Honor, it's sort of a facial challenge that takes the guise of an as-applied challenge in this particular case. And I think with respect to that, it's very rare that I'm coming in front of this court and asking this court to do what the Fourth and the Fifth District did. Usually, I'm trying to distinguish my way around from one of those cases. However, in this case, I would submit to you the proper judgment with respect to the constitutionality of the statute is for this court to affirm its constitutionality and join the Fourth and the Fifth District to find the extraordinary circumstances provision constitutional. If there are any other questions? Thank you, Your Honor. Any final remarks? I would just ask this court to, well, let's put it this way. Even if this court were to find the extraordinary circumstances provision unconstitutional, the only thing that could occur is for this case to go back to the trial court for resentencing, for the court to consider apparently everything. The trial court did that in this case. The trial court judge found that a sentence of probation was inconsistent with the ends of justice and would deprecate the seriousness of the offense. Therefore, to the extent that the defense is able to show any error in this case, that error is mitigated by the fact that the trial court considered absolutely everything that it heard and read it with appropriate judgment. And then implicit in that is the trial court saying it did not find that the extraordinary circumstances were unconstitutional. I believe the trial court explicitly said that in this case. If there are no further questions, thank you, Your Honor. Thank you, sir. Counsel, do you wish to reply? Could you repeat the question about the manifest error versus abuse of discretion? Well, if the trial court found that there were no extraordinary circumstances, that seems to cut to the quick, to the extent that if he found that there were extraordinary circumstances, but he didn't grant probation, now we deal with applying the statute or the sentence that way. If it was the other way around and he said, no, there are no extraordinary circumstances, how can you establish prejudice if you can't establish that he was wrong when he said there were no extraordinary circumstances because the only reason why your client would be entitled to probation based upon the statute was if there were. So under the statute, you would have to establish that his findings that there were no extraordinary circumstances was against the manifest way to the evidence. So I'm addressing now the merits, assuming that the statute is constitutional. Tell us how you think the trial court was wrong to the extent that you think there are extraordinary circumstances that would entitle your client to probation. We come down to a basic sentencing argument then, an excessive, almost an excessive sentencing argument is what I think what you're saying. Assuming that provision is found constitutional, there's no problem with it. We look at the factors that the judge considered, the pros and cons of the factors of mitigation, aggravation, all of that. And it would be, it would come down to essentially re-arguing many of the factors that were presented at the sentencing hearing. It's within the judge's discretion to impose the sentence that he did, absolutely. But I would argue that the judge did not give full deference to the fact that this, Sandra Vasquez, had, unlike many of our clients who have been convicted of DUIs, she had a minimal prior history. She had three speeding tickets, that was it. I think she had a no seat belt. And then she had an ordinance violation when she was, a few months before this happened, and then something when she was a teenager. Many of our DUI clients have backgrounds that are loaded with previous DUI convictions. How many of your other DUI clients killed, what, four or five people? How many of those clients that received the probation from DUIs killed five people? I would hazard to guess none, because I do not recall a case with that many victims in it, and I have to be very candid with that. So how did the trial court, if you put aside, if you find that the extraordinary circumstances is constitutional, or you don't even look at the extraordinary circumstances, if you go on it just by factors and aggravation and mitigation, how do we find, or how do you submit that we find that the trial court abused its discretion in sentencing the defendant to 15 years when she killed five people, regardless of what her prior criminal history is or lack thereof? But that prior criminal history is a consideration. Sure. It's a consideration. It's a factor in mitigation. But considering that in mitigation, regardless of whether she had one speeding ticket or she had no sentence at all, no convictions at all, but she killed five people, even if that were the case, how would it be abusive discretion, or how would we find an abusive discretion on a trial court who sentenced an individual to 15 years for killing five people? Say you have no factors in aggravation other than that. Than the five people. You're asking us. You're asking us to find an abusive discretion. I'm asking you how. I'm not a judge. My job would be to present the arguments and say that, yes, this is a most tragic situation. To use that phrase, I think, is minimizing what really happened here, that not only were the families of the five victims who were deceased, but the victims who had suffered great bodily harm. You have eight victims in this case, and we cannot forget those three people, quite honestly. You also can't forget the fact that Sandra suffered some pretty serious injuries herself in this accident. But you can also look at the circumstances of this offense in that she was out there trying to help somebody. And I know that that's what the court says that it considered. But the fact is she was trying to help these kids get home safely. And it was, again, I use the word tragic because I can't think of any other word that would fit. It is a tragic happenstance, and that if you're going to sentence somebody to double the minimum because of the tragedy, then you're not giving fair and due course to the other considerations. But it's within the sentencing range, correct? It's smack dab in the middle. It's within the sentencing range. Yes. How do we find there is an abusive discretion? The case law tells us that the judge is within the sentencing range. That's what I'm asking. Right. You have to look at each of the individual factors that the judge considered to determine whether or not one of them was against the manifest way to the evidence or was improperly considered. Well, he did consider a number of factors. He did. Yes. Deterrence, protection of the public, deprecation of the seriousness, the blood alcohol, 20 miles over the limit at the time of the collision, nine people in the car billed for five. The headlight was out. How is that an abusive discretion? Justice McLaren, you look like you have a question before I answer that. Something that Justice Shastak said made me think about whether or not this is even justiciable. We're not supposed to determine the constitutionality of anything if we can dispose of it on other merits. And it appears that the trial court did bifurcate or at least make alternative rulings such that when he made the finding that this would deprecate the seriousness of the offense, it would appear that we could get around or, as we are told, we are required not to address the constitutionality unless we have to. So tell us why we should address the constitutionality because in this particular case, the trial court did make findings of fact and conclusions of law in the alternative such that if we found that those were not against the manifest weight or not an abusive discretion, we would not have to address the constitutionality. The other part of that question, though, Your Honor, is whether those factors also were considered in terms of extraordinary circumstances. So you go back to that definition. Was the judge considering these factors strictly as mitigation or aggravation of the sentence, the prison sentence that was imposed, or was he using it as part of the determination for the extraordinariness of whatever extraordinary circumstances means? That's not clear because his ruling on the extraordinary circumstances language came toward the end of his ruling and imposition of the sentence. So it all has been combined and, to use a phrase my son uses, mishmashed. There has to be better guidance from the legislature. There has to be better guidance from the courts as to what is supposed to be considered. And if it's going to be a bifurcated proceeding to consider the extraordinary circumstances of probation, that's just fine and dandy. But give guidance to the litigants and give guidance to the courts and then move on to the imposition of the sentence. The state and the defense presented two definitions of extraordinary circumstances. Several. Several. And having determined that there were no extraordinary circumstances, would that not cover all possibilities? Or did he say on the record, in making my determination that there are no extraordinary circumstances, I'm only considering the definition propounded or put forth by one side or the other? Or only one of the definitions that were propounded? No, Your Honor is correct. At page 3319 of the record, the judge said, I am considering everything. But then I go back to what I said in my initial argument, that that was in terms of this lack of a definition of what he was supposed to be doing. Even the judge said he wasn't sure what he was supposed to be doing. But isn't that in every sentencing hearing that the court considers all the evidence presented as long as it's relevant material and reliable? Yes. The defendant's life, about the circumstances of the offense, circumstances leading up to the offense. So how does that make it extraordinary? What is that language supposed to mean? The legislature includes language in the statute expecting it to be given some force if all he's doing is what he's already been told to do by other provisions of the statute. No, no, no. That's with respect to whether it was limited to just the defendant's life or just the circumstances. In any sentencing hearing, it's all about the defendant's background, history, and for that matter, what the defendant may have done after the offense, such as alcohol treatment, things like that, that are commonplace in a driving under the influence offense. Yes. So all the legislature has done is said, even though we're saying that this should otherwise be a minimum mandatory Department of Correction sentence, if you present something extraordinary over and above, then probation may be warranted. How is that not a reasonable interpretation of what the statute says? What's remarkable? How are we supposed to know what draws something out of the realm of this is just your ordinary probation consideration versus this is utterly remarkable? Isn't that the job of the judge? Yes. And I would say in Winningham, the judge was given the opportunity to look at something that Winningham had offered. And apparently, not only was Winningham a firefighter, he was a lieutenant, he'd save lives, all that kind of stuff, but the court focused on one factor as an extraordinary circumstance. And that was that he was working with the victim's family to bring a drain shot back. And he found that not extraordinary. I go back to what Mr. Jacobson said, how many grains of sand does it take to make a heap? And yes, I saw Local Heroes.  How many grains of sand? That one factor. Does the legislature want you to present 14 extraordinary factors? Could it be 14 extraordinary factors that are minuscule in and of themselves, or does it have to be one huge extraordinary circumstance? Well, wouldn't you proceed the same way you would when we have the death penalty phases in Illinois? Isn't it the same thing? You're going to present whatever you can present in mitigation to show the court that your client is extraordinary and doesn't deserve the death penalty. You're going to show the jury that your client is extraordinary and doesn't deserve the death penalty. I mean, who defines that? Why is this any different? That's why we're asking you. We're asking you to give that definition, because the legislature has failed. And in the meantime... Would you have any suggestions on how we should define it? I would say, because the usual probation statute lists those various factors, the history defense, the... Factors of aggravation. Why can't there be some similar type of delineation of factors to consider? I agree with opposing counsel that it's going to depend on the circumstances of every case. Absolutely. It always does. But if there is that minimal guidance that helps a defense attorney present what needs to be presented and the judge in interpreting all of that information, that's what we're looking for. Am I correct in presuming or concluding that had the trial court found that there were extraordinary circumstances and your client was entitled to probation, that the state would not have had the ability to appeal that decision? I don't know. That's another question that's left unanswered by this statutory enactment. I would say probably... I'm not aware that the state has the ability to appeal and grant probation. Any sentencing, right. And therefore, for purposes of the state and any rights that the state might have, the issue of what is extraordinary seems to be rather confined to the trial court. Whereas the definition of what is extraordinary measures gives the trial court the ability to grant probation, but if for some reason it doesn't, it gives your client or the defense bar in general the opportunity to appeal the decision to get a second opinion essentially as to whether or not there are extraordinary circumstances that would entitle your client to probation. So is it unreasonable to interpret this phraseology as an attempt by the legislature to give a defendant who is not granted probation the opportunity to at least appeal the issue that is allegedly contained in this conundrum? I think even under the usual circumstance, if a defendant is presenting evidence and doesn't get probation, that could be an argument that's made in an appeal to begin with. I don't think that makes it any different now. No, the point is that since the statute doesn't define extraordinary and you are a barrister and an advocate, you could advocate any circumstance that you felt that was substantial and significant as extraordinary. And then the trial court either agrees or disagrees with you, and if you don't agree with the trial court, then you come to us. Yes. And if you don't agree with us, you can petition the Supreme Court. Yes. No. Point being, is this a burden on the defendant for purposes of having review of a denial of probation? To do an appeal from a denial of probation is the same burden that a defendant would always have, I would think. I have a better question. No disrespect. Really? Is it a burden on the defendant to present as much evidence, or a burden on the defense attorney, to present as much evidence in mitigation as necessary to keep their client out of jail? Is it incumbent upon the court to tell you what to present? It's incumbent upon the legislature to give guidance. That's what it boils down to. It is incumbent upon a defense attorney to present as much evidence as possible. So what would you submit that the legislature could have told you differently than what you already presented to try and keep your client out of prison? What's different about extraordinary versus the considerations under 561? That's what they could have said. This is what makes something extraordinary. We already know you're going to present evidence about the history of the offender. We already know you're going to present the circumstances of the offense. We already know you're going to present psychological or alcohol evaluations. We know you're going to do that. Here's a list of things as an example that might be used for extraordinariness. My point is, isn't that your job as the defense attorney to come up with as many extraordinary situations that you can to keep your client out of prison? Why is it the legislature's job, or you're asking us, as the court, to lay out what you should do as a defense attorney to keep your client out of prison? Extraordinary circumstances. Isn't that your job to make a determination what those would be? But due process requires guidance in the enactment of statutes. There is no guidance here. Do you have any final remarks that you'd like to make? No, Your Honor. Just that, again, we would ask that you find contrary to the Fourth and Fifth Districts. I think the arguments that have been made certainly give Your Honors the opportunity to make a contrary decision and to send this back for another sentencing hearing and give guidance to the rest of the bar. Thank you. Thank you very much, both sides. We will be in recess.